Slip Op. 17-72

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FORMER EMPLOYEE OF MARLIN FIREARMS CO.,**<br><br>                    Plaintiff,<br><br>         v.<br><br>**UNITED STATES SECRETARY OF LABOR,**<br><br>                    Defendant. | **Before: Jane A. Restani, Judge**<br><br>**Court No. 11-00060** |

**OPINION AND ORDER**

[Plaintiff's application for attorney fees is granted in part.]

Dated: June 14, 2017

    Ariel Stevenson, Tassity Johnson, and Muneer I. Ahmad, Jerome N. Frank Legal Services Organization, of New Haven, CT, argued for plaintiff. With them on the brief were Daniel Knudsen and Jane Chong.

    Antonia R. Soares, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant. With her on the brief were Stuart E. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Stephen Jones, Employment and Training Legal Services, Office of the Solicitor, U.S. Department of Labor, of Washington, DC.

    **Restani, Judge:** This matter is before the court on plaintiff Former Employee of Marlin Firearms, Robert Maars ("Maars" or "plaintiff")'s Form 15 Application for Fees and Other Expenses Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d), Title II of Public Law 96-481, 94 Stat. 2325 and Rule 54.1, ECF No. 28 ("EAJA Appl."). See also Appl. for Fees & Other Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), ECF No. 28-1

Case 1:11-cv-00060-JAR   Document 61   Filed 06/14/17   Page 2 of 15

Court No. 11-00060                                                                                                    Page 2

("Pl. Br."). For the reasons stated below, the court grants the plaintiff's application, but reduces the award to a reasonable amount.

## BACKGROUND

Maars is a former employee of Marlin Firearms Company, Inc. ("Marlin"), a subsidiary of Remington Arms Co. ("Remington"). Compl. ¶¶ 1, 11, ECF No. 2; <u>The Marlin Firearms Company, Inc., a Subsidiary of Remington Arms Company Including On-Site Leased Workers from Randstat, Reitman, and Hamilton Connections, North Haven, Connecticut; Notice of Revised Determination on Remand</u>, 76 Fed. Reg. 58,842, 58,842 (Dep't Labor Sept. 22, 2011) ("<u>Remand Determination</u>"). After purchasing Marlin, Remington closed Marlin's North Haven, Connecticut plant, which manufactured lever-action and bolt-action sporting rifles. <u>Remand Determination</u>, 76 Fed. Reg. at 58,842, 58,843; Compl. ¶¶ 11, 13. The State of Connecticut Department of Labor then filed a petition with the U.S. Department of Labor ("Labor") for Trade Adjustment Assistance ("TAA") on behalf of Marlin's employees, including Maars. <u>Id.</u> at 58,842; Marlin Pet. for Trade Adjustment Assistance at 1–6, PD[1] a (Apr. 1, 2010). TAA is a program that provides various benefits to eligible workers who lose their jobs because of trade competition.[2] <u>See</u> 19 U.S.C. §§ 2271–2322.

---

[1] The administrative record is cited to using the document numbers provided by Labor in the Confidential and Public Administrative Record, ECF No. 22, filed with the court. "PD" refers to public documents and "CD" refers to documents containing business confidential information.

[2] To be eligible for assistance, Labor must certify:

> (1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,
> (2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(continued . . .)

In its initial investigation, Labor concluded that the Marlin employees were not eligible for certification for TAA. <u>Notice of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance</u>, 76 Fed. Reg. 2713, 2715 (Dep't Labor Jan. 14, 2011).[3] Labor's initial investigation was limited to an "analysis of data provided by the workers' firm, a survey of the firm's major customer [Wal-Mart], and analysis of U.S. aggregate import data." Negative Determination Regarding Eligibility to Apply for Worker Adjustment Assistance at 4, PD s (Dec. 17, 2010); <u>see</u> Pl. Br. at 6. Maars appealed Labor's initial determination to the U.S. Court of International Trade, arguing that Labor's investigation was not extensive enough. Compl. ¶¶ 1, 31–34, 42, 45. Maars sought an order of TAA certification from the court or a remand by the court to Labor with instructions "to conduct a thorough investigation." Compl. at 11.

Rather than file an answer, Labor requested remand "to conduct more extensive customer surveys and to make a redetermination" as to the workers' eligibility. Def.'s Mot. for Voluntary Remand 1, 2, ECF No. 14. In its motion, Labor stated that "the existing customer surveys might be insufficient for purposes of determining if imports have increased or sales volume or dollar value have declined." <u>Id.</u> at 2. Maars agreed to Labor's remand request, contingent upon Labor acceding to several requirements for how to conduct its remand investigation. Pl.'s Resp. to

---

    (3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

<u>Woodrum v. Donovan</u>, 4 CIT 46, 48, 544 F. Supp. 202, 204 (CIT 1982) (summarizing TAA eligibility requirements).

[3] Relevant here, Labor determined that the workers were not eligible because, inter alia, "imports of articles like or directly competitive with sporting rifles have not increased and there has not been a shift in production to a foreign country by the workers' firm." Negative Determination Regarding Eligibility to Apply for Worker Adjustment Assistance 4–5, PD s (Dec. 17, 2010).

Case 1:11-cv-00060-JAR   Document 61   Filed 06/14/17   Page 4 of 15

Court No. 11-00060                                                                                              Page 4

Gov't's Mot. for Voluntary Remand 2, ECF No. 15 ("Resp. to Remand Mot.").[4] The parties then filed a Joint Motion for Voluntary Remand 4, ECF No. 18 ("Joint Mot."), in which Labor consented to all of Maars' requested remand requirements. The Joint Motion stated that "Labor has determined that the existing customer survey may be insufficient for [the purposes noted above]," but Labor did not explicitly confess that it erred in its determination. Id. The court granted this motion and ordered that Labor conduct a reinvestigation of the Marlin employees' TAA claim in compliance with Maars' requested requirements. Order 1–2, ECF No. 19 ("Remand Order").

On remand, Labor reversed its initial determination and found the Marlin employees to be eligible for certification for TAA benefits. Remand Determination, 76 Fed. Reg. 58,843. Maars commented on the Remand Determination by stating that he was "satisfied with the results." Pl.'s Resp. to Def.'s Remand Results 1, ECF No. 26. The plaintiff then submitted an application for attorney fees under the Equal Access to Justice Act ("EAJA"), which application Labor opposed. Pl. Br. at 1; see also Def.'s Resp. to Pl.'s Appl. for Attorney Fees & Expenses

---

[4] Specifically, Maars stated that:

> [t]o ensure that [Labor] fulfills its obligation to conduct an adequate reinvestigation, the order for remand should include language [1] requiring [Labor] to investigate Marlin's certification for TAA for Firms; [2] investigate [Marin subsidiary Harrington & Richardson 1871]'s certification for TAA for Workers; [3] interview former employees of Marlin, including Mr. Maars; and [4] conduct additional customer surveys.

Resp. to Remand Mot. at 12. In addition, Maars contended that the remand order should state that "[Labor]'s initial determination was not 'substantially justified' and that the agency committed legal error." Id. at 12.

Pursuant to the Equal Access to Justice Act, ECF No. 29 ("Labor Br."). This application is presently before the court.[5]

The plaintiff argues that all of the prerequisites for an award under the EAJA are satisfied and that his request is for a reasonable amount. Pl. Br. at 15–38. Labor responds that the plaintiff's application was prematurely filed, that the plaintiff was not a prevailing party, and that the award sought is unreasonable. Labor Br. at 6–21.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(d)(1) and 19 U.S.C. § 2395(a). The EAJA mandates that:

> a court shall award to a <u>prevailing party</u> other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).[6]

## DISCUSSION

### I. Prematurity of Application

The plaintiff argues that his application for fees was timely because, when he filed the application, the court had "not yet issued final judgment." Pl. Br. at 33. Labor responds in its brief that the plaintiff's application is untimely because the statute requires such application to be made "within thirty days of final judgment in the action," and the plaintiff moved for attorney

---

[5] During the pendency of plaintiff's application, the court sustained Labor's <u>Remand Determination</u>. J., ECF No. 56.

[6] Labor does not contend that its position was "substantially justified" or that "special circumstances make an award unjust."

fees <u>before</u> entry of final judgment.  Labor Br. at 10–11 (quoting 28 U.S.C. § 2412(d)(1)(B)).  At oral argument, however, Labor stated that it is "abandoning" this prematurity argument.

Labor has waived its objection to the timing of the plaintiff's attorney fees application.  In <u>Scarborough v. Principi</u>, the Supreme Court clarified that the EAJA's thirty-day limitation "does not concern the federal courts' 'subject matter jurisdiction.'  Rather, it concerns a mode of relief . . . ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made."  541 U.S. 401, 413 (2004) (alteration in original) (quoting 28 U.S.C. § 2412(b), (d)(1)(A)).[7]  Accordingly, Labor may waive the EAJA's time-of-filing requirements.  <u>See</u> <u>Vasquez v. Barnhart</u>, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006) ("Because the Court has clarified that the requirements of section 2412(d)(1)(B) are not jurisdictional, but are ancillary to the court's judgment . . . the requirements can be waived by the Government, as it is the Government whose interests are protected by the section's requirements.").

Regardless, the plaintiff did not make his application prematurely.  Section 2412(d)(1)(B) requires "[a] party seeking an award of fees and other expenses" to submit its application "within thirty days of final judgment in the action."  Legislative history and the weight of case law correctly interprets this language as creating only a final deadline for filing, rather than also establishing a time before which applications are premature, i.e., the entry of final judgment.  <u>See</u> Equal Access to Justice Act, Extension and Amendment, H.R. Rep. 99-120(I), at 18 n.26 (1985), <u>as reprinted in</u> 1985 U.S.C.C.A.N. 132, 146 n.26 (stating that "fee petitions [under the EAJA] may be filed <u>before</u> a 'final judgment,'" and disavowing "the overly technical approach" of a

---

[7] Prior to <u>Scarborough</u>, courts had held that the EAJA's time requirement was jurisdictional, and thus, could not be waived.  <u>See, e.g.</u>, <u>J.M.T. Mach. Co. v. United States</u>, 826 F.2d 1042, 1047 (Fed. Cir. 1987) ("The 30–day filing period is a jurisdictional prerequisite to the awarding of an attorney fee."); <u>see also</u> <u>Diggs v. Dep't of Hous. & Urban Dev.</u>, 670 F.3d 1353, 1355 (Fed. Cir. 2011) ("[S]ubject matter jurisdiction cannot be conferred by waiver.").

case holding that applications filed prior to final judgment are premature) (emphasis added); see, e.g., Haitian Refugee Ctr. v. Meese, III, 791 F.2d 1489, 1495 (11th Cir. 1986) ("[S]ince the district court has not entered final judgment, since the thirty-day limit has not begun, and since the time to appeal has not run, the application for attorneys' fees was timely filed."), vacated on other grounds, 804 F.2d 1573 (11th Cir. 1986); Gonzalez v. United States, 44 Fed. Cl. 764, 767 (1999) ("Congress did not intend to proscribe EAJA petitions filed prior to the start of the 30-day limitations period."). But see Perez v. Guardian Roofing, No. 3:15-cv-05623-RJB, 2016 WL 898545, at *3 (W.D. Wash. Mar. 9, 2016) ("[Defendant's] EAJA Counterclaim is premature, because EAJA contemplates that the submission of an EAJA application follows, not precedes, final judgment. This interpretation is supported by use of the word 'within,' . . . versus use of words such as 'before' or 'prior to[.]'"). Because the plaintiff did not file the application prematurely, and because, regardless, Labor has waived its objection to the application's timing, the court will consider the merits of the plaintiff's motion.

**II. Prevailing Party**

The plaintiff argues that he is a prevailing party under the EAJA. Pl. Br. at 24–32. The plaintiff analogizes this case to Former Employees of Motorola Ceramic Products v. United States, 336 F.3d 1360 (Fed. Cir. 2003). The plaintiff contends that he is a prevailing party because, as in Motorola, Labor's initial denial of TAA certification here constituted "alleged error by the agency," 336 F.3d at 1366, the court remanded the investigation to Labor and retained jurisdiction, and the plaintiff succeeded on remand. Pl. Br. at 26–27, 29. Regarding "alleged error by the agency," the plaintiff posits that this element of Motorola is satisfied because the investigation was inadequate, a fact Labor acknowledged in its Motion for Voluntary Remand, and that is further supported by Labor's accession to Maars's requested remand

requirements. Id. at 26–29. The plaintiff also argues that the prohibition of the "catalyst theory," discussed below, does not apply here because the parties' voluntary agreement was stamped with sufficient "judicial imprimatur" by the Remand Order. Id. at 30–32.

Labor responds that Maars is not a prevailing party. Labor Br. at 7–17. It argues that Motorola does not control because Labor here did not concede that it erred in its initial investigation, and explicitly left open in its Motion for Voluntary Remand the possibility that it would affirm its initial determination. Id. at 11, 13–17. Labor also contends that the remand was a voluntary, unilateral decision taken by Labor, and that the catalyst theory thus applies, preventing Maars from asserting prevailing party status. Id. at 8–13.

A party is a prevailing party only if it "obtained a court order carrying sufficient 'judicial imprimatur' to materially change the legal relationship of the parties." Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1026 (Fed. Cir. 2005) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). Such court order may be a final judgment on the merits, a court-ordered consent decree, or "other court action 'equivalent'" to either of these. Rice, 405 F.3d at 1026 (citing Buckhannon, 532 U.S. at 604). "A defendant's voluntary change in conduct, [however,] . . . lacks the necessary judicial imprimatur on the change." Buckhannon, 532 U.S. at 598–99.[8] In the context of remands to an agency, "[w]here the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party . . . when successful in the remand

---

[8] The "catalyst theory . . . posit[ed] that a plaintiff is a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Buckhannon, 532 U.S. at 601 (internal quotation marks omitted). The Court held in Buckhannon that the "catalyst theory" does not afford prevailing party status. Id. at 605.

proceedings where there has been a retention of jurisdiction [by the court]." Motorola, 336 F.3d at 1366.

Under Motorola, Maars is a prevailing party. In Motorola, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") found the plaintiff to be a prevailing party, and Motorola is indistinguishable from the present case. Id. at 1368. As in Motorola, the court here issued a remand order requiring Labor to conduct a new TAA investigation. See id. at 1363; Remand Order at 1. Also, as in Motorola, the court here retained jurisdiction of the matter during remand. See 336 F.3d at 1364 (concluding that the court retained jurisdiction when it remanded the case to Labor for reconsideration and set deadlines for the remand process); Remand Order at 2 (ordering Labor to conduct a new investigation and to file remand results with the court, and establishing deadlines for parties' comments and responses). Furthermore, in both cases, the plaintiff successfully secured TAA eligibility certification on remand. See Motorola, 336 F.3d at 1363; Remand Determination, 76 Fed. Reg. at 58,843.

The only arguable distinction Labor identifies between Motorola and the present case is that Labor here did not explicitly concede agency error, and left open the possibility that it would reaffirm its initial negative determination.[9] But, Labor is likely mistaken on the facts of Motorola. For its premise that in Motorola Labor confessed error, Labor relies on a sentence stating that "[t]he parties thus agreed that [Labor] had erred in its action on the applications."

---

[9] Labor briefly suggests that Motorola is also distinguishable from the present case because it was the workers in Motorola who sought remand, while here, Labor moved for remand. Labor Br. at 13 ("Motorola is distinguishable from the facts here, however, because Labor sought the voluntary remand . . . ."). But, in Motorola, as here, it was Labor who moved for remand in response to the workers' request for the court to certify the workers' eligibility or remand to Labor for reconsideration. See Motorola, 336 F.3d at 1362; id. at 1369 (Rader, J., dissenting) ("[T]he Department of Labor requested the remand[.]").

336 F.3d at 1362. But, the court's statement was apparently just an inference drawn from the fact that the parties both requested remand for a new TAA investigation, and that Labor "ha[d] concluded that a reconsideration of the negative determination [was] appropriate." Id. at 1362. This is no different in substance from the present case, where the parties jointly requested remand and Labor stated that "existing customer surveys may be insufficient." Joint Mot. at 4.[10] And, in fact, an enhanced investigation was undertaken with positive results for plaintiff. In addition, as here, the remand in Motorola did not prescribe the result, that is, the court left open the possibility that Labor would reaffirm its initial determination after conducting a proper investigation. Id. Because Motorola is indistinguishable from the present case, and because Motorola found the plaintiff to be a prevailing party, the plaintiff here is a prevailing party. Cf. Kelly v. Nicholson, 463 F.3d 1349, 1354 n.*** (Fed. Cir. 2006) (concluding that "the [Veterans Affair]'s failure to consider all evidence and material of record before deciding a material issue on the merits" satisfied the "agency error" portion of Motorola).[11]

　　　　Nor does Labor's argument that the catalyst theory prohibition applies succeed. Labor contends that the remand was simply a voluntary, unilateral change in position by it, and that the

---

[10] This case is even more compelling than Motorola because here Labor agreed to abide by the plaintiff's requested remand requirements, which further suggests an "alleged error by [Labor]." 336 F.3d at 1366; Joint Mot. at 4. Furthermore, the court's order included plaintiff's requested requirements. Remand Order at 1–2.

[11] Even if Labor is correct that in Motorola the government explicitly confessed error, the fact is of little import because here, as discussed above, there is sufficient evidence of an "alleged error by the agency" even absent an explicit confession of error by Labor. See Gurley v. Peake, 528 F.3d 1322, 1327 (Fed. Cir. 2008) (stating that where a court does not retain jurisdiction, that Motorola's "alleged error by the agency" prong can be satisfied if the court's remand is "explicitly or implicitly predicated on administrative error" (emphasis added) (quoting Davis v. Nicholson, 475 F.3d 1360, 1364 (Fed. Cir. 2007)); Martinez v. United States, 94 Fed. Cl. 176, 182–83 (2010) (stating, in a case where the court retained jurisdiction over remand, that an agency's "lack of an explicit admission of error does not change the [alleged error] analysis").

Remand Order thus lacked sufficient judicial imprimatur to make Maars a prevailing party. Labor relies most persuasively on Rice, 405 F.3d at 1026, but the present case ultimately is distinguishable from Rice.[12]  In Rice, the Navy took remedial action (reopening a bid solicitation) after the plaintiff filed a complaint, but prior to a court order requiring the Navy to complete its promised action.  Id. at 1027.  In addition, the Navy acted unilaterally, without initially consulting the plaintiff.  See id.  The Federal Circuit concluded that, based on these factors, the Navy had simply taken voluntary action, and that the plaintiff was not a prevailing party.  Here, however, Labor did not initiate its new investigation until after the court's Remand Order.  This fact is significant because Rice relied heavily on the timing of the Navy's actions, and the delay in investigation here until after the Remand Order means it was the court's order that ultimately caused Labor's remedial action.  See id. ("Most notably, the court found that Rice's requested relief had already been 'substantially' and 'voluntarily' afforded by the Navy.").  Additionally, Labor's new investigation was not a unilateral act, but occurred only after a back and forth discussion with Maars.  See Joint Mot. at 4.  Given these differences, Rice does not control, and this case is instead guided by the factually indistinguishable Motorola, where the Federal Circuit concluded that catalyst theory issues did not prevent plaintiff from

---

[12] The other cases cited by Labor bear little resemblance to the case at bar.  For instance, in Brickwood Contractors, Inc. v. United States, the Navy chose to resolicit bids for a project after the court made statements unfavorable to the Navy's position at a Temporary Restraining Order hearing.  288 F.3d 1371, 1373–74 (Fed. Cir. 2002).  The Federal Circuit there concluded that such statements lacked sufficient judicial imprimatur to make the plaintiff a prevailing party.  Id. at 1380.  The court's Remand Order, however, is far different from mere statements at a hearing. Nor are Labor's other cited opinions persuasive.  See Former Emps. of IBM Corp. v. Chao, 292 F. App'x 902, 909–10 (Fed. Cir. 2008) (concluding that a voluntary agency remand following a change in agency policy did not constitute "success upon the merits"); Vaughn v. Principi, 336 F.3d 1351, 1356 (Fed. Cir. 2003) (holding that voluntary agency remands due to intervening legislation and newly discovered evidence "provide[d] only the opportunity for further adjudication" rather than "at least some relief on the merits").

being a prevailing party. See Motorola, 336 F.3d at 1365. Thus, as noted above, Maars is a prevailing party, and entitled to collect attorney fees.

### III.     Reasonableness

The plaintiff argues that the full amount of attorney fees requested, $40,792.35 for 283 hours of work, is reasonable. Pl. Br. at 33–38; EAJA Appl. Ex. B 6, ECF No. 28-3 ("Time Records").[13] The plaintiff contends that hours billed for preparing the EAJA application are collectible. Pl. Br. at 37–38. In addition, in his calculation, the plaintiff discounts non-contemporaneous hours by thirty percent. Id. at 36–37.[14] Labor responds that the plaintiff's fee request amount is unreasonable. Labor Br. at 17–21. First, Labor argues that the plaintiff cannot recover attorney fees for non-contemporaneous time, entailing a reduction of 40.95 hours. Id. at 18–19. Second, Labor contends that the number of hours the plaintiff spent drafting the EAJA application brief is excessive. Id. at 19–20. Lastly, Labor identifies entries it believes lack sufficient specificity—law students billing for "supervision," an entry of 10.75 hours by the supervising attorney for a "conference call" when each student entered only one hour that day for a conference call, and 0.5 hours spent for "compiling hours." Id. at 21.

The EAJA allows collection only of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the fee request. Gavette v. Office of Pers. Mgmt., 788 F.2d 753, 754 (Fed. Cir.

---

[13] Of the 283 hours, 227.95 hours were billed by law student interns at the Jerome N. Frank Legal Services Organization of Yale Law School, and 55.05 hours by Muneer Ahmad, the supervising attorney. Time Records at 6.

[14] The plaintiff also states that attorney fees may be recovered for law clinic students and that a cost of living adjustment is permitted, neither of which points Labor challenges. See Pl. Br. at 34–36.

1986). The fee applicant bears the burden of establishing that the requested hours are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The plaintiff's attorney fees request must be reduced. First, according to Federal Circuit precedent, attorneys may not recover fees for hours that were not contemporaneously billed. Naporano Iron & Metal Co. v. United States, 825 F.2d 403, 404 (Fed. Cir. 1987) ("We agree that under EAJA contemporaneous records of attorney's time and usual billing rates, as well as a breakdown of expenses, are necessary in order to determine the reasonableness of the charges."); see Owen v. United States, 861 F.2d 1273, 1275 (Fed. Cir. 1988) (stating that in Naporano, "[c]ontemporaneous records were held essential to support the claim"). Accordingly, plaintiff may not recover fees for the 40.95 non-contemporaneous hours, which includes the thirty-percent reduction, claimed by the plaintiff, see Time Records at 1–2, 3, 4–5, thus reducing the potentially recoverable hours from 283 hours to 242.05.[15]

Second, the plaintiff requests an excessive amount of attorney fees. The EAJA application brief is thirty-eight pages long, yet plaintiff apparently billed 226.05 of the 242.05 contemporaneous hours[16] in preparing this brief.[17] See Time Records at 1, 2–4, 5–6. The legal

---

[15] The plaintiff stated at oral argument that the non-contemporaneous records were nonetheless reliable because the students constructed the hours from time stamps on the documents, which recorded when the relevant documents were opened and closed. Such time stamps, however, do not provide sufficient guarantees that work was actually done for the particular amount of time, only that the documents were opened and closed at the time-stamped time.

[16] Some of the plaintiff's time entries are ambiguous as to whether or not the time claimed relates to work on the EAJA application brief. Compare Time Records at 1 (law student intern's November 3, 2011 entry for "Drafting EAJA Application"), with id. (law student intern's October 31, 2011 entry for "T.C. with A. Soares, T. Johnson, Ahmad, J. Chong; team meeting"). The court considers these entries to be related to the EAJA application brief, however, given that they were recorded before the EAJA application brief was filed on April 6, 2012, and after the plaintiff's last filing prior to the brief, made on October 12, 2011. See Pl.'s Resp. to Def.'s Remand Results at 1.

(continued . . .)

issues involved in the application are not so complex or novel to warrant such an extraordinary amount of time in preparing the application. See Former Emps. of Tyco Elecs., Fiber Optics Div. v. U.S. Dep't of Labor, 28 CIT 1571, 1595–97, 350 F. Supp. 2d 1075, 1095–98 (2004) (reducing attorney fee award for hours spent drafting a twenty-five page EAJA brief from 100.1 hours to 77.47 hours, a final ratio of approximately three hours per page). Accordingly, the court will reduce the award by one-half, apportioning the reduction equally between the supervising attorney and law students. This reduction results in 17.03 hours billed by the supervising attorney in preparing the EAJA application, and 82.5 hours billed by the law students. See supra p. 13 n.17.

---

[17] The court reduces these 226.05 hours, 43.8 of which were billed by the supervising attorney, and 182.25 by the law student interns, by 27 hours. First, the plaintiff cannot collect for the 0.5 hours spent "compiling hours," as this is a "clerical" task. See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (omitting hours billed for clerical tasks such as document organization from an EAJA attorney fees request); Time Records at 3. Second, the supervising attorney billed 10.75 hours for "conference call with students re draft" on December 20, 2011, whereas each student intern billed only one hour for a "team conference call" on that day. Time Records at 1, 3, 4, 6. Accordingly, the supervising attorney overbilled his entry by 9.75 hours, which amount the court omits from the award. See Gavette, 788 F.2d at 754 (stating that hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the fee request). Lastly, the 16.75 hours the law student interns billed for "supervision" is also subtracted out. Time Records at 1, 2–3, 4. The plaintiff clarified at oral argument that these entries refer to time spent by the clinic team discussing the case. Even this description, however, is not sufficiently specific to conclude that an award for these hours is proper. See Hensley, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)); Former Emps. of Tyco Elecs., Fiber Optics Div. v. U.S. Dep't of Labor, 28 CIT 1571, 1593, 350 F. Supp. 2d 1075, 1095 (2004) ("An applicant must itemize fees and expenses with sufficient specificity to allow the court to determine what work is being claimed.") (quoting Traveler Trading Co. v. United States, 13 CIT 380, 386, 713 F. Supp. 409, 415 (1989)). In sum, the 43.8 hours billed by the supervising attorney are reduced to 34.05 hours, and the 182.25 law student intern hours are reduced to 165 hours, for a total of 199.05 contemporaneous hours spent on the EAJA application.

In addition to the resulting 99.53 hours for preparing the EAJA application brief, the supervising attorney billed 11.25 hours in non-EAJA application work, and the law students billed 2.75 hours for such work,[18] resulting in a total of 113.53 hours.  See Time Records at 1, 5–6.  Applying the relevant rates,[19] a total award of $ 16,655.71 is yielded.

## CONCLUSION

For the reasons stated above, the court concludes that attorney fees may be recovered from the United States in the amount of $16,655.71.  The Jerome N. Frank Legal Services Organization asserts that the fees should be paid to Mr. Maars.  See Pl. Br. at 34 ("Mr. Maars is entitled to attorney's fees for all work conducted by law students enrolled in a legal clinic under licensed attorney supervision.") (emphasis added).  The parties shall nonetheless advise the court within 30 days hereof what form of judgment is required, including to whom the fees should be paid.

Dated: June 14, 2017                                         /s/ Jane A. Restani
       New York, New York                                    Jane A. Restani
                                                             Judge

---

[18] Labor states in its brief that law students spent 4.75 contemporaneous hours on non-EAJA application work.  Labor Br. at 20.  But, two of these hours are for "supervision," and thus are omitted.  Time Records at 1.

[19] The plaintiff requests a rate of $135 per hour for the law student interns, and $182 per hour for the supervising attorney.  Time Records at 6.  Labor does not contest these rates.